**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Allen Pierre AUGUST,**
**Defendant-Appellant.**

**No. 87–3578**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1987.

Alcide J. Gray, Lake Charles, La., for defendant-appellant.

Curtis Collier, Robert Hamilton, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Allen Pierre August appeals his convictions of attempted possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) and § 846, and of use of a communication facility to facilitate the commission of the crime of attempted possession of cocaine, 21 U.S.C. § 843(b).

## Facts

Last spring the DEA, in cooperation with an air freight concern, made a controlled delivery to the residence of one Taza Hazy. A consequent search of his New Orleans residence pursuant to a warrant revealed 2 kilograms of cocaine in the freight package. Admitting that the cocaine was his, Hazy agreed to finger his intended customers for the cocaine.

DEA special agent Fenner, wearing a recording device, accompanied Hazy to his former residence, where they waited for customer's calls. That evening appellant August telephoned Hazy, advising that he would be arriving in New Orleans from Birmingham at eight o'clock the next day. During the course of this conversation Hazy inquired: "How much paper are you coming with?" August responded: "I got seven. You ah ... you, you still gone do nine for me?" Later in the conversation, August said: "How is it? It's good?"

Although drugs were never directly mentioned, Agent Fenner testified that, based on the telephone conversation, on the context, on the representations of Hazy, and on her experience that the parties to the conversation were negotiating a drug transaction in which 9 ounces of cocaine ("nine") were to be purchased by August for $7,000 ("seven").

Because August had not specified whether he would be arriving in New Orleans at 8 A.M. or 8 P.M., Hazy called him back at the instruction of Agent Fenner. During his second conversation August said a friend was picking him up at the airport "unless you [Hazy] want to pick me up." Hazy agreed to pick August up at eight the following evening. At the time agreed upon, Agent Fenner and Hazy met August's plane. Hazy introduced Agent Fenner as "another one of Donald's victims [1]." Agent Fenner and Hazy and August walked to the parking lot, where conversation ensued between Hazy and August which was largely inaudible—either to Agent Fenner's ear or to the tape recorder that she carried. Neither money nor drugs exchanged hands on the walk from the airport to the parking lot, where August was arrested. Subsequently, he consented to a search of his carry-on luggage, which revealed $7,070 stuffed into a shoe.

On timely appeal from his conviction, August contends that the jury charge on "attempt" was inadequate and that the jury's finding of attempted possession of cocaine with intent to distribute was not supported by sufficient evidence.

## Analysis

The correct standard of review to be applied to challenges to jury instructions is whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them. United States v. Nixon, 777 F.2d 958, 966 (5th Cir.1985); United States v. Grote, 632 F.2d 387, 391 (5th Cir.1980), cert. denied, 454 U.S. 819, 102 S.Ct. 98, 70 L.Ed.2d 88.

In the seminal case of United States v. Mandujano, 499 F.2d 370, 376 (5th Cir. 1974), cert. denied, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975), we delineated the elements of attempt for purposes of 21 U.S.C. §§ 841(a)(1) and 846:

First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting.

. . . .

Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be conduct strongly corroborative of the

---

1. An apparent reference to a Donald Sherrod, Hazy's cocaine supplier.

firmness of the defendant's criminal intent.

Citations omitted.[2]

The "attempt" charge delivered in this case stated:

> To "attempt" an offense means willfully to take some substantial step in an effort to bring about or accomplish something the law forbids to be done.

Obviously, this minimal charge is not a complete statement of the law of attempt as defined in *Mandujano;* nor does it compare in elaboration with the charge delivered in that case—an all-purpose declaration equal to any occasion, set out at note 2. As the Second Circuit, citing to *Mandujano,* has pointed out, however, the function of the "substantial step" requirement is to corroborate the existence of a criminal intent firmly bent on action—not on daydreams or on the laying of groundwork. And as it goes on to say, correctly, we think,

> "[w]hether conduct represents a substantial step towards the fulfillment of a criminal design is a determination so dependent on the particular factual context of each case that, of necessity, there can be no litmus test to guide the reviewing courts." *United States v. Manley,* 632 F.2d 978, 988 (2d Cir.1980).

*United States v. Mowad,* 641 F.2d 1067, 1073 (2nd Cir.1981). Bearing these principles in mind, we turn to August's conduct in this case. As we must, we view the evidence in the light most favorable to the verdict of conviction. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

So viewed, August telephoned Hazy long-distance to verify that he had received an expected shipment of cocaine and that, as previously agreed, he would reserve and have available for August nine ounces of the drug at a price of $7,000 cash. Having done so, he advised Hazy that he would arrive from Birmingham at eight o'clock. The conversation was conducted in an argot designed to conceal its criminal references. In a later conversation, Hazy agreed to pick August up at the airport at eight in the evening. True to his word he did so, and when arrested and searched August was found to be carrying $7,070 cash concealed in hand luggage.

It is plain from the above recitation that the "intent" prong of *Mandujano* is satisfied: the conversation shows that August planned to buy cocaine. It is plain as well that the "substantial step" requirement is met. Certainly a reasonable jury could believe—indeed, it could scarcely avoid believing—that one who travels over three hundred miles to a pre-arranged rendezvous, bearing the agreed cash consideration for a cocaine buy, has taken a substantial step toward possessing the contraband. By analogy, a hired assassin who agreed to do the deed at a specified hour and a distant place with a particular weapon, and who was apprehended in or near the presence of the intended victim, in the specified place, at the specified time and with the agreed-upon weapon has clearly gone far beyond contemplation or "mere preparation." In the latter instance, nothing remains to be

---

2. In *Mandujano* the following jury instruction was held compatible with what constitutes an attempt under 21 U.S.C. § 846:

> "Now, the essential elements required in order to prove or establish the offense charged in the indictment, which is, again, that the defendant knowingly and intentionally attempted to distribute a controlled substance, must first be a specific intent to commit the crime, and next that the accused wilfully made the attempt, and that a direct but ineffectual overt act was knowingly and intentionally done in furtherance of the attempt.
>
> " * * * In determining whether or not such an act was done, it is necessary to distinguish between mere preparation on the one hand and the actual commencement of the doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging a means for its commission, is not sufficient to constitute an attempt, but the acts of a person who intends to commit a crime will constitute an attempt where they, themselves, clearly indicate a certain unambiguous intent to wilfully commit the specific crime and in themselves are an immediate step in the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstances not intended in the original design.

499 F.2d at 378 (quoting the trial court's jury instruction).

done but to shoot; in the former, to buy. The evidence supporting August's conviction was sufficient.

■ August's complaint of the court's charge is that it failed to caution the jury that "mere preparation" is not enough action to constitute an attempt. This instruction is a salutory one and harmless in any case whatever. Indeed, in a case where the line dividing simple contemplation or laying of groundwork from serious action directed to the criminal result is a doubtful one, it is especially appropriate and may occasionally be requisite. This is not such a case.

In this case, cash had been assembled in an agreed and substantial amount, hundreds of miles travelled by a buyer, and contact made with a seller who possessed the drug; nothing remained for the completed crime but the exchange of money for cocaine. A jury that believed the truth of the evidence stated could not have believed that it demonstrated "mere preparation," and the absence of this cautionary rubric from the charge did not harm August. His conviction appealed from is

AFFIRMED.