UNITED STATES of America,
Plaintiff-Appellee,

v.

Deborah STACEY, a/k/a Deborah Horodecky, a/k/a Deborah Perry,
Defendant-Appellant.

No. 89-3131.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1990.

Kenneth J. Beck, Harvey, La., for defendant-appellant.

Steven J. Irwin, Robert J. Boitmann, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEE, GARZA and DAVIS, Circuit Judges.

GARZA, Circuit Judge:

Deborah Stacey appeals from a conviction of harboring and concealing a fugitive. Because we find that the evidence was sufficient to support a conviction and that the court's charge was proper, we AFFIRM the conviction.

## FACTS

Federal marshalls in New Orleans had been searching for Deborah Stacey's estranged husband, Roger Horodecky, to answer to federal and state drug charges. Because they suspected that Stacey may know how to find Horodecky, they contacted her and told her of the charges; Stacey denied any knowledge of Horodecky's whereabouts. She did take the business card of one of the officers, and agreed to call if she found anything.

Acting on an anonymous tip, the officers later drove by another New Orleans residence where Horodecky was said to be hiding. As they passed, one of the officers made eye contact with a woman in the house, whom he believed to be Stacey. They drove around again, and this time saw Stacey in the doorway; she closed and locked the door when she saw them driving by. One of the officers searched the back area of the house, saw Horodecky in hiding, but was unable to catch him. The officers then saw Stacey driving away from the house with a man they thought was Horodecky.

Stacey was charged with harboring and concealing a fugitive in violation of 18 U.S.C. § 1071, and was tried by a jury.[1] At trial, the court gave an instruction to the jury concerning identification of the person Stacey drove off with in the car. The U.S. Attorney objected, and asked for an additional instruction that "harboring and concealing" could be proved even absent that identification, if Stacey in some other way had concealed Horodecky from the officers, as by locking the officers out of the house. The court then gave a supplemental instruction.[2] Stacey's counsel objected to the location of the supplemental charge, and to its highlighting the door closing as evidence.

About an hour into its deliberations, the jury sent out a question to the court, asking: "Can the actions alone within the house constitute harboring, concealment? Does transportation by automobile have to be proven, also?" The court answered that "no, transportation by automobile is not a necessary element of harboring and concealment," but pointed out that Stacey

---

1. Section 1071 reads, in pertinent part:

"Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of law of the United States, so as to prevent his discovery and arrest, after notice of the fact that a warrant has been issued for the apprehension of such person, shall be fined...."

2. The relevant supplemental charge read:

"[R]egardless of what you find as to who the defendant drove off with, if you find that the defendant, in fact, willfully and with the intention to hide [Horodecky] from the Marshalls, from the police officer, concealed, did some act to conceal or hide Mr. Horodecky even in the house or under the surrounding circumstances, then you might find that the defendant, in fact, concealed and harbored by concealing Mr. Horodecky from the authorities."

must have taken some "purposeful action" within the house. Less than ten minutes later, the jury returned with a conviction.

Complaining that the court's charge improperly highlighted a key factual portion of the government's case, and arguing that closing a door cannot constitute harboring and concealing as a matter of law, Stacey brought this appeal.

## DISCUSSION

### 1. Court's Charge

█ Stacey complains first that the placement of the amended charge—after a bench conference and towards the end of the charge—prejudiced her by highlighting in the eyes of the jury the government's contention that actions in the house could constitute concealing, and identification of the person in the car need not be proved. "The correct standard of review to be applied to challenges to jury instructions is whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." *U.S. v. August*, 835 F.2d 76, 77 (5th Cir.1987).

In this point of error, Stacey doesn't complain that the charge itself was substantively wrong, but that its order, specifically the placement of the amended charge, resulted in prejudice. Asking us to hold that certain phrases in a charge must be spoken in a certain order is simply impossible. No charge would be immune from challenge. And indeed, didn't the court place the amended charge in precisely the correct spot? The government objected and the court responded. If that were held to be an improper action, then no charge could ever be corrected by objections, for all amended charges come after an objection and a bench conference.[3] Because we

find that the charge, taken as a whole in the context of the trial, adequately presented the issues to the jury, we defer to the wide latitude given a district court in formulating the charge, and affirm on this point. *U.S. v. Graves*, 669 F.2d 964, 970 (5th Cir.1982).

As to Stacey's contention that the jury's question during deliberations shows they based their verdict on the closing of the door and not on the driving away, that question relates more to the next point of error.

### 2. Door Closing as Harboring

█ Stacey argues next that the jury convicted her for closing the door on the officers, and that those actions cannot constitute harboring and concealing as a matter of law. We are not to try to enter the jury's minds, to divine what evidence specifically convinced them of Stacey's guilt. Rather, we will address only whether a possible basis for the jury's verdict was improper.

Section 1071 requires some affirmative action to support a conviction. Failure to disclose a fugitive's location[4] and giving financial assistance do not constitute harboring[5], but "any physical act of providing assistance ... to aid the prisoner in avoiding detection and apprehension will make out a violation of section 1071." *U.S. v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir. 1988). Here, that physical act was closing and locking the front door of a house where a fugitive was hidden. And that is enough. Given that Stacey knew the officers and knew why they were driving by the house, her locking them out was enough to sustain a conviction for harboring.

---

3. Stacey argues that "[b]ecause of the position of the judge at the trial, when the government objected to the court's initial charge on identification, the jurors became extraordinarily aware of the events immediately following." Reply Brief at p. 4. She seems to be saying that objections to a court's charge are improper as the court may amend the charge thereafter. How, then, are errors to be noted and correct-

ed? Should the court be required to throw out its charge and begin anew each time a party objects?

4. *U.S. v. Magness*, 456 F.2d 976, 978 (9th Cir. 1972).

5. *U.S. v. Foy*, 416 F.2d 940, 941 (7th Cir.1969).

### 3. *Intent*

Stacey finally contends that the evidence of her specific intent was insufficient to support a conviction. In answering this claim, we are to review the facts in the light most favorable to the verdict. *U.S. v. Matt*, 838 F.2d 1356, 1358 (5th Cir.1988). In this case, the facts show that Stacey knew the two officers who drove by the house, and knew that they were searching for Horodecky.

After she was arrested for harboring, Stacey gave a voluntary statement to the police in which she stated that she had not called the officers because she had tried to convince Horodecky to turn himself in and had given him the officer's business card. The card was then found in her purse. "When a defendant voluntarily and intentionally offers an explanation and this explanation is later proved false, the jury may consider whether the circumstantial evidence points to a consciousness of guilt, and the significance to be attached to any such evidence is exclusively within the province of the jury." *U.S. v. Holbert*, 578 F.2d 128, 130 (5th Cir.1978). For this reason and those stated above, this conviction is in all things

AFFIRMED.