**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Valencia Annette BROWN, Defendant–Appellant.**

**No. 94–40406**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 23, 1995.

**136**

Paula H. Dunham, Bernsen, Jamail & Goodson (Court-appointed), Beaumont, TX, for appellant.

Paul E. Naman, Asst. U.S. Atty., Beaumont, TX, for appellee.

Before POLITZ, Chief Judge, DAVIS and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Valencia Annette Brown appeals her conviction by a jury of one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and one count of carjacking in violation of 18 U.S.C. §§ 2119 and 2. She also appeals the sentence imposed. Finding no error, we affirm.

### Background

Michael Landry, a coconspirator, testified that he was a houseguest at the Port Arthur, Texas home of Brown and her husband Burton Bailey on July 14, 1993. Bailey invited Landry to join him and Brown for a ride. As the trio drove off in Brown's white Chrysler Lebaron, Bailey and Brown explained that they had been cheated in a drug deal and wanted to find the dishonest dealer to kill him and to recover their money. They drove to Houston. Unable to find the dealer they discussed alternative means of making money, including robbing a hotel or store or a carjacking. They searched for hotels to rob; at one point, Brown entered a hotel to see if it had surveillance cameras. They ruled it out.

The group then drove to a park where they spotted Darrell Arcement, a man they had earlier noticed driving a green Chevrolet Camaro in a K–Mart parking lot. Bailey handed Landry a gun and persuaded him to carjack Arcement. Landry pulled the gun on Arcement and commandeered the vehicle. Brown and Bailey followed. When the Camaro stopped for gas the Lebaron waited. When the Camaro pulled off the road so Landry could ask for directions the Lebaron stopped. When the Lebaron passed, Landry and its occupants made hand signals back and forth. Arcement testified that the couple in the Lebaron appeared to be the same people he had earlier noticed sitting with Landry on park bleachers.

Upon arrival near Port Arthur, Landry put Arcement out of the auto and then drove to join Brown and Bailey. Bailey got into the Camaro with Landry and told him they should return and kill Arcement. Brown drove off and Landry and Bailey returned and forced Arcement into the back seat. In a skirmish, Arcement seized Bailey's gun and fired several rounds as the two miscreants raced off in the Camaro. Returning to Brown's and Bailey's home they discussed selling the Camaro and Brown made known her expectation of a portion of the proceeds. All three were indicted for conspiracy to take a motor vehicle by force and of the substantive charge.[1] Convicted by the jury, Brown was sentenced to concurrent 78–month and 60–month imprisonments on the two counts.

### Analysis

Brown first alleges that the district court erred in overruling her *Batson v. Kentucky*[2] challenge to the government's peremptory strike of an African–American member of the venire. When a defendant raises this challenge the state must provide a neutral reason for the release related to the particular case.[3] The prosecutor explained that the particular woman was released because she indicated on voir dire her belief that her ex-husband had not received an adequate sentence for an assault charge. The prosecutor anticipated that a conflict

---

1. Bailey and Landry were also indicted for carrying a firearm during a crime of carjacking in violation of 18 U.S.C. § 924(c)(1) and one count each for carrying a firearm after conviction of a crime punishable by excess of one year imprisonment, in violation of 18 U.S.C. § 922(g)(1).

2. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. *Batson; United States v. Moreno*, 878 F.2d 817 (5th Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989).

between Brown and her husband might become a part of Brown's defense and he did not want a distracted juror. Reviewing the district court's determination with the requisite deference, we find no error in the court's ruling that the state provided non-pretextual, race-neutral reasons for its peremptory strike. Brown's *Batson* challenge fails. We also reject Brown's contention that the court erred in forcing her to proceed to trial without the remaining African–American juror.

■ Brown next alleges several errors in the court's jury instructions.[4] The standard of review we apply to jury instructions is whether "the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them."[5]

■ Brown first asserts that the trial court erred in giving the *Pinkerton*[6] charge twice, over her objection, while instructing the jury only once that each count should be considered separately. The *Pinkerton* charge is permitted in this circuit.[7] Concluding that the overall effect of the jury charge did not mislead the jury as to the elements of either offense, or to the fact that each offense was to be considered separately, we find no error.

■ Brown next alleges that the district court omitted a portion of the pattern jury instruction from its charge. Our precedents do not require trial judges to use any particular language in a jury charge.[8] We reject this claim. Nor do we find error in the court's instructions regarding Brown's alibi defense[9] or her decision not to testify,[10] as neither charge was misleading nor an inaccurate statement of the law.[11]

■ Brown challenges the sufficiency of the evidence. Viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found that Brown voluntarily agreed to pursue the un-

---

4. Brown has waived her right of review of her objections to the jury instructions regarding the number of witnesses and the weight to be given accomplice testimony. Although Brown notes these issues on appeal she has not briefed them. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *see also Federal Rules of Appellate Procedure* 28(a)(4), 28(e), 30(c).

5. *United States v. Pace*, 10 F.3d 1106, 1120–21 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2180, 128 L.Ed.2d 899 (1994) (quoting *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir.1990)).

6. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (allowing conspirator liability for a substantive offense committed by coconspirators pursuant to and in furtherance of the conspiracy even though conspirator did not participate in the substantive offense or have knowledge of it).

7. *United States v. Elwood*, 993 F.2d 1146 (5th Cir.1993).

8. *United States v. Williams*, 20 F.3d 125 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 239, 130 L.Ed.2d 162 & —— U.S. ——, 115 S.Ct. 246, 130 L.Ed.2d 168 (1994).

9. The court instructed the jury that:
   The Defendant has also offered the defense of alibi and evidence has been introduced tending to establish the Defendant's alibi, the Defendant alleging and contending that the Defendant was not present at the time when or at the place where the Defendant is alleged to have committed the offense charged in the Indictment.
   It is the Government's burden to establish beyond a reasonable doubt each of the essential elements of the offense, including the involvement of the Defendant. And, if, after consideration of all of the evidence in the case, you have a reasonable doubt as to whether or not the Defendant was present at the time or place as alleged in the Indictment you would acquit the Defendant.

10. The court instructed the jury that:
    The Defendant is presumed to be innocent under the law, and the law does not require a Defendant to prove her innocence or produce any evidence at all. And no inference whatsoever may be drawn from the election of the Defendant not to testify. In other words, you will not give the failure of the Defendant to testify any effect or influence in considering your verdict.

11. *See Poole v. State of Ga.*, 551 F.2d 683 (5th Cir.1977) (upholding an alibi instruction where it did not shift the government's burden of proving guilt beyond a reasonable doubt); *Jarrell v. Balkcom*, 735 F.2d 1242 (11th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985) (same).
    *See also Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981) (holding that the fifth amendment requires instruction, upon request, that jury not draw adverse inferences from the defendant's failure to testify); *United States v. Eiland*, 741 F.2d 738 (5th Cir.1984).

lawful objective of carjacking and that Landry and Bailey committed acts in furtherance of that objective.[12] The verdict reflects that the jury accepted Landry's version of the events; we will not disturb the jury's credibility assessments. Moreover, the uncorroborated testimony of an accomplice is sufficient to support a verdict, as long as the testimony is not incredible or insubstantial on its face.[13] Such was not the case here; Arcement corroborated much of Landry's testimony.

Finally, Brown alleges error in the application of the Sentencing Guidelines. We review a district court's Guideline application *de novo.*[14] Brown contends that the court erred by failing to consider her post-offense rehabilitative efforts for a two-level acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a).[15] Because Brown denied her guilt and forced the government to go to trial, she was not eligible for a section 3E1.1 reduction.[16]

Brown also contends that the court improperly added one criminal history point under U.S.S.G. § 4A1.1(c) for a prior offense of evading detention, because evading detention is similar to resisting arrest. However, the PSI states that Brown's probation for evading detention was revoked and she was sentenced to 30 days imprisonment, thus vitiating this claim.[17]

**12.** *United States v. Beuttenmuller,* 29 F.3d 973 (5th Cir.1994).

**13.** *United States v. Blankenship,* 746 F.2d 233 (5th Cir.1984).

**14.** *United States v. Howard,* 991 F.2d 195 (5th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 395, 126 L.Ed.2d 343 (1993).

**15.** U.S.S.G. § 3E1.1(a) directs the district court to decrease a defendant's offense calculation by two levels if the defendant clearly demonstrates acceptance of responsibility for the offense.

The commentary to this section, Application Note 1(g), explains that a defendant's post-offense rehabilitative efforts are an appropriate consideration in this regard.

**16.** The commentary to U.S.S.G. § 3E1.1, Application Note 2, provides that "[t]his adjustment is

The convictions and sentences are AFFIRMED.

not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Although an exception to this general rule may apply in rare situations, these are usually cases, for example, such as those where "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." *Id.*

**17.** U.S.S.G. § 4A1.2(c) provides in pertinent part that for purposes of computing criminal history:

(1) Sentences for the following prior [misdemeanors] and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense [such as]: ... Resisting arrest.