IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40309
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


v.

JUAN CANTU; JUAN JOSE A. FUENTES;
JUAN J. STEVENS; JESUS GARCIA,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Texas
(B-95-258-02)
_____
December 26, 1996
Before KING, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Cantu, Juan Jose A. Fuentes, Juan J. Stevens, and Jesus Garcia appeal their convictions for conspiracy to possess with intent to distribute in excess of 50 kilograms of marijuana and possession with intent to distribute in excess of 50 kilograms of marijuana. They argue that the evidence was insufficient to support their conspiracy and possession convictions. Viewing the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

evidence in the record in the light most favorable to the jury's verdict, a rational trier of fact could have found that the appellants committed each element of the conspiracy and possession offenses beyond a reasonable doubt.  See <u>United States v. Pennington</u>, 20 F.3d 593, 597 (5th Cir. 1994).

The appellants also argue that the district court erred in failing to instruct the jury that mere knowledge of the conspiracy was not sufficient to find the appellants guilty of conspiracy.  The district court's jury instructions as a whole informed the jury that a person's mere presence even with knowledge of the conspiracy was not sufficient to convict the person of conspiracy unless the person knowingly and willfully agreed to participate in the conspiracy.  Therefore, the district court's instructions as a whole were a correct statement of law and did not mislead the jury as to the elements of the conspiracy offense.  See <u>United States v. Pace</u>, 10 F.3d 1106, 1121 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 2180 (1994); <u>United States v. Stacey</u>, 896 F.2d 75, 77 (5th Cir. 1990).

AFFIRMED.