IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30471
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY WATSON,

Defendant-Appellant.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-240"D"
- - - - - - - - - -
July 3, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Jimmy Watson was found guilty of guilty of robbery of personal property belonging to the United States and aiding and abetting (count one); attempting to murder a federal law enforcement officer and aiding and abetting (count two), and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting (count three). On appeal, he argues that the Government improperly used its peremptory

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges to strike prospective jurors solely because of their race in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), the evidence was insufficient to convict him of the use of a firearm during a crime of violence and aiding and abetting, the district court erred by denying his motion to suppress his confession, the district court abused its discretion by not excluding certain portions of the confession, and the district court's handling of an error in the written jury instructions constitutes reversible error.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  The district court did not err in rejecting the <u>Batson</u> challenge. <u>See</u> <u>United States v. Perkins</u>, 105 F.3d 976, 978-79 (5th Cir. 1997).  The evidence was sufficient.  <u>See</u> <u>United States v. Alix</u>, 86 F.3d 429, 435-36 (5th Cir. 1996).  The denial of the suppression motion was not erroneous.  <u>See</u> <u>United States v. Andrews</u>, 22 F.3d 1328, 1337 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 346 (1994).  The district court did not abuse its discretion by admitting the entire confession.  <u>See</u> <u>United States v. Broussard</u>, 80 F.3d 1025, 1039 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 264 (1996).  Finally, the court properly instructed the jury and corrected the error contained in the written instructions before the jury began deliberating.  <u>See</u> <u>United States v Brown</u>, 49 F.3d 135, 137 (5th Cir. 1995)

AFFIRMED.