# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 99-51125

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FORTINO HERNANDEZ-GARCIA, also known
as FORTINO GARCIA-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-99-CR-789-ALL-H)

February 1, 2001

Before POLITZ, SMITH, and PARKER, Circuit Judges.

POLITZ, Circuit Judge:[*]

Fortino Hernandez-Garcia appeals his conviction of importing marihuana in violation of 21 U.S.C. §§ 952 and 960, claiming insufficient evidence of his guilt, improper jury instruction, and error in statements made by the prosecutor in closing argument. Finding no reversible error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Background

Hernandez sought to cross the border from Juarez, Mexico to El Paso. During inspection of his pickup truck agents found 173 pounds of marihuana in the ceiling of his camper. He told the agents that two men had paid him $100 to carry the camper across the border. Although initially suspicious, he said he saw nothing unusual about the camper and "thought nothing more about it." The two men did not simply put the camper in the bed of his pickup but bolted it to the truck. Agents observed "ripples" in the top of the camper and found it appeared "thicker" than usual.

Hernandez was indicted for importing marihuana and possessing it with intent to distribute. At a pretrial hearing the prosecution asked for a deliberate ignorance instruction. Defense counsel objected to the standard Fifth Circuit Pattern Instruction and suggested alternative language. The judge agreed to alter the language. Prior to closing arguments defense counsel secured a copy of the proposed instructions and again attempted to object to the deliberate ignorance instruction. The court rejected the objection as untimely.

During closing argument the prosecutor twice referred to the court's questioning of a witness, once asking why the defendant did not cross the Zaragoza bridge, and again questioning defendant's daughter. The prosecutor also noted that

2

three witnesses testified about the truck and camper in near identical words, allegedly implying that defense counsel had told them what to say when shown a picture of the pickup.

The jury returned a verdict of guilty of importation and Hernandez was sentenced to 41 months imprisonment and three years supervised release. He timely appealed.

## ANALYSIS

### I.    Sufficiency of the Evidence

Hernandez moved for a judgment of acquittal after the verdict. We therefore review his challenge to the sufficiency of evidence to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt,[1] construing all reasonable inferences in support of the verdict,[2] and viewing the evidence in a light most favorable to the government.[3]

To establish defendant's guilt, the government must show Hernandez

---

[1]United States v. Martinez, 975 F.2d 159 (5th Cir. 1992); Jackson v. Virginia, 443 U.S. 307 (1979).

[2] Id.

[3] United States v. Shabazz, 993 F.2d 431 (5th Cir. 1993).

knowingly played a role in bringing the marihuana into the country.[4]  He disputes

the sufficiency of evidence relating to the intent element, namely that he knowingly

imported marihuana.  To prevent improper convictions when third parties place

contraband on unwitting defendants, whenever authorities locate drugs in secret

compartments the prosecution must establish control over the vehicle and present

"additional circumstantial evidence that is suspicious in nature or demonstrates

guilty knowledge."[5]

Our review of the record persuades that there is sufficient evidence to support

Hernandez' conviction.  Customs Inspectors testified that the camper shell looked

abnormally thick, that it had ripples on the top, and that it was lower than it should

have been.  Hernandez acknowledged that the two men who paid him struggled with

the shell because of its weight.  The camper also fit the pick-up truck, the colors

matched, and Hernandez allowed the men to drill holes and bolt the shell onto his

truck instead of merely placing it in the truck's bed.  Finally, Hernandez gave

inconsistent statements regarding the time the men approached him, and there was

no luggage found in the truck despite the testimony of Hernandez and his witnesses

---

[4]  United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996); United States v. Diaz-Carreon, 915 F.2d 951(5th Cir.1990).

[5]  United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998) (internal citation and quotation marks omitted).

that he was returning to El Paso after spending anywhere from two weeks to a month in Mexico.

## II.   The "Deliberate Ignorance" Instruction

During the pre-trial hearing, the prosecution asked the court to instruct the jury on deliberate ignorance, requesting Fifth Circuit Pattern Jury Instruction 1.37.[6] Defense counsel asked that the language be changed from "what *would have otherwise been* obvious to him" to "what *was* obvious to him." The court indicated that the objection was sustained, but actually changed the language to "what *should have been obvious* to him."  Upon reading the actual instruction before his closing argument, counsel again attempted to object.  The court informed counsel that the objection was untimely.  Counsel formally objected to the instruction after the jury went to deliberate, stating "my objection to the word 'should' suggests a negligence standard which is inappropriate."  The court overruled the objection.

"The correct standard of review to be applied to challenges to jury instructions is whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to

---

[6] In relevant part, the instruction provides that the jury "may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what *would otherwise have been* obvious to him." FIFTH CIR. PATTERN INST. 1.37 (1998) (emphasis supplied).

the factual issues confronting them."[7]  The modified instruction given to the jury

read as follows:

> You may find that a defendant had knowledge of a fact if
> you find that the defendant deliberately closed his eyes to
> what should have been obvious to him.  While knowledge
> on the part of the defendant cannot be established merely
> by demonstrating that the defendant was negligent,
> careless or foolish, knowledge can be inferred if the
> defendant deliberately blinded himself to the existence of
> a fact.

Hernandez asserts that by referencing what "*should* have been obvious to him," the

instruction allowed the jury to convict based on an impermissible negligence

standard.  While mindful of this danger, we find that when taken as a whole this

instruction accurately informed the jury of the applicable law.  Immediately

following the portion cited by Hernandez, the instruction *directly* informs the jury

that (1) knowledge cannot be established merely by demonstrating  defendant's

negligence, and (2) that to infer knowledge, the defendant must have "deliberately

blinded himself to the existence of a fact."  Given the explicit direction regarding the

insufficiency of mere negligence, the jury was appropriately advised that to prove

knowledge the government needed to establish more than merely that the defendant

"should have known" about the marihuana in his camper.

---

[7] United States v. Stacey, 896 F.2d 75, 77 (5th Cir. 1990) (quoting United States v. August, 835 F.2d 76, 77 (5th Cir.1987)).

III.     The Prosecutor's Remarks During Closing Argument

Hernandez claims that various remarks by the prosecutor during closing arguments constituted prejudicial error.  The prosecutor twice referred to the questioning of defense witnesses by the judge, purportedly suggesting that the judge did not believe those witnesses.  The prosecutor also called attention to three witnesses who responded almost identically when shown a picture of the truck by defense counsel.  Hernandez asserts that such remarks suggested to the jury that defense counsel told witnesses what to say on the stand.

Counsel did not object to these statements during the prosecution's closing statement and we review for plain error.[8]  We will reverse "only if the government's closing arguments seriously affected the fairness or integrity of the proceedings and resulted in a miscarriage of justice."[9]  We conclude that Hernandez' complaints are insufficient to establish plain error.

Hernandez' first complains of the prosecutor's statement that "the judge caught it" while discussing plaintiff's testimony regarding his decision to cross the Paso del Norte bridge rather than the Zaragoza bridge.  Though somewhat

---

[8]  See United States v. Goff, 847 F.2d 149 (5th Cir. 1988).

[9]  United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992) (quoting United States v. Hatch, 926 F.2d 387, 394 (5th Cir. 1991)).

suggestive, the statement merely references the court's inquiry as to why Hernandez chose this alternate route. The prosecutor never told the jury that the judge did not believe the witness. Hernandez also alleges error in the prosecutor's argument regarding the daughter's testimony. In discussing her answers to questions about the time frame in which another girl had stayed with Hernandez, the prosecutor stated: "I think the judge even asked some questions at that particular point in time." These statements help the jury pinpoint when in the trial this testimony took place and that the judge also asked some questions to clarify the child's answers. A federal judge sits as more than a mere moderator of proceedings; he may comment on evidence, question witnesses, elicit facts yet to be adduced, and clarify those facts already presented.[10] It is important to note, however, that the court instructed the jury that they were the "sole judges of the credibility or believability of each witness and the weight to be given to his testimony." The challenged statements fail to reach the high threshold of plain error required for the relief appellant seeks.

Finally, Hernandez attacks the prosecutor's statements regarding three witnesses who testified that while they had seen Hernandez with the truck in question, they had never before seen the camper shell. The prosecutor stated:

> All three of them said it the exact same way. All three of

---

[10] <u>Moore v. United States</u>, 598 F.2d 439 (5th Cir. 1979) (citations omitted).

8

them said it the exact same way. They said it without being prompted. Remember the words, Yes, it's his truck. I have not seen that camper before. They knew exactly what to say. And the key was, when I show you the picture, okay, you say, I've seen the truck, but I've never seen the camper.

This statement crowds the line of impermissible argument. "The prosecutor may not challenge the integrity and ethical standards of defense counsel unless the prosecutor has certain proof of an offense and the matter is relevant to the case being tried."[11] The statement by the prosecutor intimates that defense counsel prepared each witness to give the same response when shown the picture of the truck. As offensive as this statement understandably might be, it does not directly "challenge the integrity and ethical standards of defense counsel" because it contains no allegation of falsity on the part of the witness or knowledge of falsity on behalf of counsel. The prosecutor highlighted the similarity of the testimony in hopes of undermining each witnesses' credibility, specifically with respect to his or her own perception and recollection about whether the truck had a camper. In this particular setting, on the record before us, we must conclude that this statement fails to impinge impermissibly on the fairness and integrity of the proceedings.

The conviction appealed is AFFIRMED.

---

[11] United States v. Murrah, 888 F.2d 24, 26 (5th Cir. 1989).

9