United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50018
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID HIGGINBOTHAM,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-144-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    David Higginbotham, a former prison guard at the Wackenhut
federal prison in San Antonio, Texas, appeals his jury-verdict
conviction for attempted possession with intent to distribute
heroin.  He argues that the evidence was insufficient to support
his conviction and that the district court erred in allowing
certain out-of-court statements into evidence.

    A thorough review of the evidence produced at trial
indicates that a rational jury could have found that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requisite elements for the charged offense had been proven beyond a reasonable doubt.  See United States v. Price, 869 F.2d 801, 804 (5th Cir. 1989); United States v. August, 835 F.2d 76, 77-79 (5th Cir. 1987).  The uncontroverted evidence established that Higginbotham initiated contact with undercover Officer Robert Perez on several occasions to try and set up their second meeting; that despite his initial unwillingness to distribute heroin, he changed his mind, accepted the heroin, and accepted the payment for distributing it; and that he told the undercover officer that he was going to call the inmate in question to see how he wanted to "handle" the heroin.  Accordingly, there was ample evidence to show that Higginbotham intended to possess heroin with the intent to distribute it and that he took substantial steps to achieve that objective.  See August, 835 F.2d at 78-79; United States v. Mandujano, 499 F.2d 370, 379 (5th Cir. 1974).

Higginbotham also argues that the district court erred in allowing into evidence certain out-of-court statements that he had previously trafficked drugs into the prison because their admission violated the Confrontation Clause and because the statements were inadmissable hearsay, irrelevant, or overly prejudicial.  We review the Confrontation Clause claim for plain error and the remaining evidentiary claims under the harmless error standard of review.  See United States v. Partida, ___ F.3d ___ (5th Cir. Sept. 10, 2004, No. 03-40781) 2004 WL 2021559

at *4; <u>United States v. Insaulgarat</u>, 378 F.3d 456, 464 (5th Cir. 2004).

Even assuming the admission of the out-of court statements was error, the error was not plain and/or was harmless as the statements were cumulative to Higginbotham's own admission in his written statement that he had previously trafficked drugs into the prison and because, given the strength of the prosecution's case, the admission of the statements did not affect the outcome of the case. <u>See</u> <u>Partida</u>, 2004 WL 2021559 at *4; <u>Insaulgarat</u>, 378 F.3d at 464; <u>Cozzo v. Tangipahoa Parish Council</u>, 279 F.3d 273, 291 (5th Cir. 2002). Higginbotham's conviction is AFFIRMED.