United States Court of Appeals
Fifth Circuit

F I L E D

June 20, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

————————

m 04-50018

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID HIGGINBOTHAM,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Western District of Texas
m SA-02-CR-144-ALL

————————————

Before DAVIS, SMITH, and DENNIS,
 Circuit Judges.

PER CURIAM:[*]

This court affirmed David Higginbotham's conviction. *United States v. Higginbotham*, 113 Fed. Appx. 641 (5th Cir. 2004) (per curiam). He raised no sentencing issues in his appeal to this court. The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Higginbotham v. United States*, 125 S. Ct. 1749 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

I.

In his appeal to this court, Higginbotham did not raise any sentencing issues. After *Booker* was announced, he filed a petition for writ of certiorari raising, for the first time in any forum, *Booker*-related sentencing issues. Specifically, Higginbotham argues in his supplemental letter brief on remand that under the guidelines that were considered mandatory at the time of his sentencing, the government's choice to charge the quantity of 150 grams of heroin, instead of some lesser amount, mandated a sentence that was unfairly high. He relies on comments from the district judge that, he claims, show that the judge thought the resulting sentence to be excessive but required by the guidelines. This, Higginbotham asserts, is plain error that requires

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reversal.

Higginbotham acknowledges that the plain error standard of review applies because did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

The problem with this approach, as Higginbotham recognizes in his supplemental letters, is that the error was raised for the first time in his petition for writ of certiorari. In *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *3 (5th Cir. May 17, 2005), we held that "absent extraordinary circumstances," we will not "consider an argument raised for the first time in a petition for [writ of] certiorari."

Higginbotham responds that *Taylor* "is neither controlling nor persuasive," because, Higginbotham reasons, *Taylor* is wrongly decided, for the reason that in *Taylor* "the Supreme Court . . . *ordered* . . . reconsideration" in light of *Booker*. Thus, Higginbotham urges, "[t]he court of appeals may have discretion to decline, in light of intervening law, to revisit cases on its own; it does not have similar discretion when reconsideration is ordered by the higher court." (Higginbotham's emphasis, footnotes omitted.)

In *Taylor*, this court has already addressed Higginbotham's contention. In particular, the *Taylor* panel cited with approval *United States*

*v. Ardley*, 273 F.3d 991 (11th Cir. 2001) (en banc), as "holding that even a remand by the Supreme Court for reconsideration in light of an intervening [Supreme] Court opinion does not require the court to consider an argument raised for the first time in a petition for [writ] of certiorari." *Taylor*, 2005 U.S. App. LEXIS 8701, at *3. *Taylor* is binding precedent in this court; the fact that a party disagrees with that authority makes it no less so.

## II.

Resourcefully, Higginbotham proceeds to argue, in the alternative, that even conceding that *Taylor* is valid as Fifth Circuit precedent, it is distinguishable. Higginbotham accurately observes that the *Taylor* panel went on to examine whether the defendant had satisfied the "extraordinary circumstances" test for raising *Booker* error for the first time in a certiorari petition.

Assuming there is plain error under *Booker*, the third prong of the plain-error test requires, under *Mares*, that "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Higginbotham would have to "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Taylor*, 2005 U.S. App. LEXIS 8701, at *4 (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory one SSwould have reached a significantly different result." *Mares*, 402 F.3d at 521.

To meet this test, Higginbotham, appropriately, refers to a statement made by the district

judge at sentencing. The court felt compelled, under the then-mandatory guidelines, to impose a sentence of 97 months' imprisonment, which was at the bottom end of the applicable guideline range. The government urged a higher sentence. To that the judge replied, "I mean 97 months is quite a bit of time already. Plus he has lost his job [as a prison guard]. It is not likely he will be hired in that capacity again."

We reject the notion that the court was indicating, by this, that it would have given a lower sentence under an advisory regime. As we have said, the court's comment was in response to the prosecutor's request for a sentence greater than 97 months; it does not necessarily reflect a view that 97 months was itself unfair.

Under *Mares*, Higginbotham has not shown that the result under an advisory scheme would have been "significantly different." *Mares*, 402 F.3d at 521. "There is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [the judge] would have reached a different conclusion." *Id.* at 522. As far as we can tell from the remarks on which Higginbotham relies, it is at least equally plausible that the district judge thought the sentence of 97 months was "just right," "not too little and not too much."

Accordingly, Higginbotham has not satisfied the third prong of the plain error standard. Even if he had done so, we would have to consider whether he had met what the *Taylor* panel calls "the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for [writ of] certiorari." *Taylor*, 2005 U.S. App. LEXIS 8701, at *4. We do not need to reflect on whether

Higginbotham has shown "extraordinary circumstances," but if we were to do so, we likely would conclude that his 97-month sentence falls far short of that.

The judgment of conviction is AFFIRMED for the reasons stated in our initial opinion. For the reasons set forth in this opinion on remand, the judgment of sentence is also AFFIRMED. All pending motions are DENIED.