IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-20068
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NORA ALVARADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-187-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted Nora Alvarado (Alvarado) of violating 18 U.S.C. § 1071 by harboring and concealing Jacinto Simon Ramirez (Ramirez) and of violating 18 U.S.C. § 2 by aiding and abetting unnamed others in harboring and concealing him. Ramirez, who was Alvarado's ex-husband, had been wanted by Texas authorities for aggravated assault and for parole violation and by federal authorities for unlawful flight to avoid prosecution. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A conviction under § 1071 ordinarily "requires proof beyond a reasonable doubt that the defendant: (1) knew that a federal arrest warrant had been issued; (2) engaged in physical acts that aided the fugitive in avoiding detection and apprehension; and (3) intended to prevent the fugitive's discovery." United States v. Green, 180 F.3d 216, 220 (5th Cir. 1999). Any physical act of providing aid in evading apprehension is a violation of § 1071. United States v. Stacey, 896 F.2d 75, 77 (5th Cir. 1990).

Because Alvarado did not preserve her challenge to the sufficiency of the evidence by renewing her acquittal motion after presenting her case, our review is limited to deciding whether there was a manifest miscarriage of justice. See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996). A miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt, or . . . the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995) (internal quotation marks and citation omitted). In making this determination, we consider the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences and credibility choices. United States v. McDowell, 498 F.3d 308, 312 (5th Cir. 2007).

Alvarado does not dispute the fact that she knew that warrants had been issued for Ramirez's arrest. Although she swore that she had done no affirmative act to aid Ramirez, there was evidence from which the jury could have concluded that she had assisted him in avoiding detection. Providing food and transportation to a fugitive from justice constitutes an act of harboring. United States v. Deaton, 468 F.2d 541, 545 (5th Cir. 1972). The jury heard testimony that Alvarado admitted after her arrest that she had been meeting with Ramirez about three weekends a month for several months and sometimes took him to dinner and the movies. The jury also heard testimony that Alvarado admitted taking Ramirez to get tacos on the night of their arrests. It was solely

for the jury to resolve the conflicts in the testimony, United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993), and we will not disturb its decision on this point.

There was also evidence from which the jury could have concluded that Alvarado possessed the requisite intent to harbor and conceal Ramirez. He and Alvarado were arrested together when law-enforcement officials found them near midnight in a small rental unit on property owned by Ramirez's family in Houston. When asked to explain how she came to be in the rental unit with Ramirez, Alvarado, who had repeatedly denied having seen Ramirez until earlier that evening, answered that he must have followed her inside after she had gone in to use the bathroom. When pressed on cross-examination, however, she said that Ramirez was no longer wearing a shirt at the moment of his arrest, a highly improbable circumstance had he been in the building only for the brief time that she was in the bathroom. In divining intent, the jury could have concluded that Alvarado's explanation was not truthful and that it pointed to a consciousness of guilt on her part. See United States v. Sutherland, 463 F.2d 641, 646-47 (5th Cir. 1972) (where jury could have found that defendant gave false explanation, such circumstance "would evidence consciousness of guilt").

AFFIRMED.