# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2023

Lyle W. Cayce
Clerk

No. 21-40593

---

David George Rodriguez,

*Plaintiff—Appellant*,

*versus*

Virgil McMullen, Senior Warden; Kendrick Demyers,
Major,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-432

---

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Appellant David George Rodriguez ("Rodriguez") appeals the final judgment entered pursuant to a jury verdict in favor of Appellee Virgil McMullen ("McMullen"). For the reasons explained below, we AFFIRM the district court's judgment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40593

## I. Background

Rodriguez is an inmate of the Texas Department of Criminal Justice ("TDCJ"). In 2016, Rodriguez was a G-2 level prisoner incarcerated in the Stringfellow Unit, in Rosharon, Texas. Rodriguez enjoyed certain privileges as a G-2 prisoner, including living in the dorms and working as a leather worker in the unit's craft shop. In 2016, the craft shop supervisors decided that prisoners would no longer be permitted to shower after working in the craft shop. Rodriguez filed an I-60 complaint with Warden McMullen asking that shower privileges be restored. McMullen investigated and addressed the issues to Rodriguez's satisfaction. Rodriguez alleges that following the resolution of his I-60 complaint, one of McMullen's subordinates, Captain Graham threatened to take punitive actions against Rodriguez for filing the I-60 complaint. Rodriguez then filed a Step 1 Grievance—a formal complaint—regarding Graham's threats.

On December 9, 2016, McMullen received a tip, through offender correspondence, that Rodriguez possessed a cell phone.[1] During the subsequent investigation into this tip, Rodriguez admitted to having had access, direct or indirect, to a cell phone two months prior. This admission was sufficient for a disciplinary case to be filed against Rodriguez, and a disciplinary hearing was held. At that hearing, Rodriguez was found guilty of possessing a cell phone and was demoted to G-5 status by the three-person Unit Classification Committee. This demotion led to Rodriguez's transfer off the Stringfellow Unit to the Allred Unit, because the Stringfellow Unit does not house G-5 prisoners.

---

[1] Rodriguez contends that the filing of charges against him must have been retaliatory because the tip was received after he had already been searched for the cell phone.

Rodriguez filed the present complaint against McMullen on December 17, 2018, pursuant to 42 U.S.C. § 1983 alleging that he was retaliated against for exercising his First Amendment rights through the administrative grievance procedure. In July 2021, a two-day jury trial was held. At no time during the trial did Rodriguez make a motion for judgment as a matter of law under Rule 50. The jury found that Rodriguez had failed to prove that McMullen filed false disciplinary charges against Rodriguez for the purpose of retaliating against him for the exercise of his first Amendment right to complain to prison officials. On July 21, 2021, the district court entered judgment on the jury's verdict. Rodriguez appeals that verdict.

## II. Legal Standard

"Challenges to the sufficiency of the evidence must be raised in a Fed.R.Civ.P. 50(a) motion for judgment as a matter of law before submission of the case to the jury." *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 960 (5th Cir. 1998). Where Rodriguez failed to raise a Rule 50 motion for judgment as a matter of law, we consider the sufficiency of the evidence under a plain error standard, reversing "only if the judgment complained of results in a 'manifest miscarriage of justice.'" *Id.* at 963–64. On plain error review "the question before this Court is not whether there was substantial evidence to support the jury verdict, but whether there was *any* evidence to support the jury verdict." *McCann v. Tex. City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993) (per curiam). "If *any* evidence supports the jury verdict, the verdict will be upheld." *Flintco, Inc.*, 143 F.3d at 964 (citing *Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996)).

## III. Discussion

### A. Sufficiency of the Evidence

Rodriguez argues that the jury verdict is not supported by sufficient evidence. Because Rodriguez failed to make a Rule 50(a) motion at trial, we

must consider Rodriguez's current challenge to the sufficiency of evidence under the plain error standard. *See McCann*, 984 F.2d at 673. Accordingly, we must determine whether *any* evidence supports the jury's verdict that McMullen did not file false disciplinary charges against Rodriguez in retaliation for exercising his First Amendment rights through the administrative grievance procedure. We hold that evidence does support the jury's finding.

Evidence was presented to the jury that undercut Rodriguez's claim that McMullen possessed the requisite retaliatory intent. First, Rodriguez wrote that his concerns regarding the shower policy, which was the alleged basis for the retaliation, were "appropriately and professionally handled by Senior Warden McMullen." Second, Rodriguez testified that despite filing multiple previous complaints with McMullen "[m]e and him have not fallen out yet." This testimony, from Rodriguez, is evidence that McMullen lacked the requisite retaliatory intent.

Additionally, McMullen testified that he received a tip, through offender correspondence, that "[o]ffender Rodriguez had cellphones and K2." McMullen further testified that in the course of investigating that tip, Rodriguez admitted that "two months prior that he had a cellphone and he was using it do legal work on." This evidence supports the jury's determination that the disciplinary charges filed against Rodriguez were based on his own conduct and admissions and not in retaliation for exercising his First Amendment rights. Thus, we find that evidence does support the jury's verdict and no plain error was made.

### B. Jury Instruction 6

Rodriguez posits that the district court gave improper jury instructions. A properly objected-to instruction is reviewed for abuse of discretion. *See United States v. Daniels*, 281 F.3d 168, 184 (5th Cir. 2002). In

No. 21-40593

*Bender v. Brumley*, 1 F.3d 271, 276–77 (5th Cir. 1993), we set forth a two-part test for challenges to jury instructions. First, the challenger must demonstrate that "the charge 'as a whole creates "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'" *Id.* at 276 (quoting *Kyzar v. Vale Do Ri Doce Navegacai, S.A.*, 464 F.2d 285, 290 (5th Cir. 1972). Second, even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case. *Id.* at 276–77. We consider whether the instruction, taken as a whole, "is a correct statement of the law *and* whether it clearly instructs jurors as to the principles of law *applicable to the factual issues confronting them.*" *United States v. Lara-Velasquez*, 919 F.2d 946, 950 (5th Cir. 1990) (quoting *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir. 1990)). Trial judges are afforded "wide latitude in fashioning jury instructions." *Bender*, 1.F. 3d at 276. "The instructions need not be perfect in every respect provided that the charge in general correctly instructs the jury, and any injury resulting from the erroneous instruction is harmless." *Rogers v. Eagle Offshore Drilling Servs., Inc.*, 764 F.2d 300, 303 (5th Cir. 1985) (citing *Kyzar* 464 F.2d at 285). "In assessing whether evidence sufficiently supports a particular jury instruction, this Court views the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Government." *United States v. Cessa*, 785 F.3d 165, 185 (5th Cir. 2015) (internal quotation marks omitted).

Rodriguez asserts that the district court committed reversible error in Jury Instruction 6 by instructing the jury that:

> In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's

credibility, but it is one of the circumstances you may take into account in determining the weight to give his or her testimony.

"[A] district court 'may not instruct the jury on a charge that is not supported by evidence.'" *United States v. Cessa*, 861 F.3d at 135 (quoting *Cessa*, 785 F.3d at 185 (5th Cir. 2015)).   First, Rodriguez argues that Instruction 6 lacked a proper evidentiary predicate. We disagree. Rodriguez testified that he was—and had been for years—an inmate in the TDCJ as did his witness Mariano Castillo ("Castillo"). Rodriguez's testimony primarily centered on his status and experience as a prisoner. This evidence, and all reasonable inferences that can be drawn from this evidence, when viewed in the light most favorable to the government, support the government's claim that Instruction 6 had a proper evidentiary predicate.

Rodriguez further argues that Jury Instruction 6 was improper because it was not properly limited. Rodriguez contends that the instruction should have stated that his criminal history could "only" be used for the purpose of weighing his truthfulness. Jury Instruction 6—the Fifth Circuit's Pattern Jury Instruction 2.12—was properly limited by stipulating that the jury could consider Rodriguez's prior felony conviction "in weighing the credibility of a witness." Accordingly, Rodriguez has failed to show that the absence of the word "only" from Jury Instruction 6 created "substantial and ineradicable doubt" as to whether the jury had been properly guided in its deliberations. *See Bender* 1 F.3d at 276–77 (internal quotations removed). In sum, we find that there is no reversible error as the alleged instruction "could not have affected the outcome of the case." *Id.* at 277 (internal quotations removed).

## IV. Conclusion

The judgment of the district court is AFFIRMED.