United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LUIS MADRAZO-CONSTANTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-870-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Luis Madrazo-Constante ("Madrazo-Constante") pleaded guilty to the charge of illegal reentry after deportation, a violation of 8 U.S.C. §§ 1326(a) and (b). He appeals his sentence, arguing that the district court erred in applying a 16-level increase to his offense level on the ground that he had been previously convicted of a drug trafficking offense. Madrazo-Constante contends that in his prior criminal case, the Georgia indictment charged him with possessing cocaine with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute and the lesser included offense of simple possession of cocaine. He asserts that he could have been convicted under Georgia criminal procedure rules of the lesser charge of simple possession, which does not constitute a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i).

He also asserts that this conviction for "simple possession" does not constitute an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C), and therefore, an eight-level increase is not warranted. He contends that the district court should have increased his offense level under U.S.S.G. § 2L1.2(b)(1)(D), because his prior conviction constitutes "any other felony" under the United States Sentencing Guidelines.

The indictment and judgment relied upon by the district court reflected that Madrazo-Constante pleaded guilty to Count 2 of the Georgia indictment which charged him with possession "with the intent to distribute and have under their control, cocaine." In the absence of any evidence to the contrary, the preponderance of the evidence supported the assessment of the sentencing adjustment. *See United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir. 1990). The district court did not err in imposing a 16-level adjustment for a felony drug trafficking offense. Madrazo-Constante's argument that his prior conviction does not constitute an "aggravated felony" for an eight-level adjustment under U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by this court's binding decisions. *See United States v. Caicedo-Cuero*, 312 F.3d

697 (5th Cir. 2002, *cert. denied*, 123 S.Ct. 1948 (2003); *United States v. Hinojosa-Lopez*, 130 F.3d 691, 693-94 (5th Cir. 1997).

As conceded by Madrazo-Constante, his argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

AFFIRMED.