United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-41458

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GERARDO JOSE GUTIERREZ, also known as polsIII

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. M-02-CR-769-1

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Defendant-Appellant Gutierrez's conviction and sentence. See United States v. Gutierrez, No. 03-41458, 110 Fed. Appx. 407, 407-08 (5th Cir. 2004) (per curiam) (unpublished). Following our judgment, Gutierrez filed a petition for certiorari, in which he challenged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

for the first time the constitutionality of the Sentencing Guidelines as applied to him.[1]  The Supreme Court granted Gutierrez's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Gutierrez's conviction and sentence.

Because Gutierrez did not raise any Booker-related challenges to his sentence until his petition for certiorari, we will not review his claim absent extraordinary circumstances. United States v. Taylor, No. 03-10167, 2005 WL 1155245, at *1 (5th Cir. May 17, 2005).  Gutierrez concedes that his claim would fail under the plain-error test discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), and he therefore clearly has not met the even more exacting test required to show the presence of extraordinary circumstances.  See Taylor, 2005 WL 1155245, at *1.  Accordingly, we decline to consider the merits

---

[1]    Specifically, Gutierrez argues that the district court erred because it: (1) enhanced his sentence based on facts not admitted by him or found by a jury beyond a reasonable doubt; and (2) sentenced him under the assumption that the Guidelines were mandatory.  Gutierrez admits that he did not preserve this claim in the district court and that he cannot satisfy his burden to show prejudice under the plain-error test as enunciated in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005).  However, in an effort to preserve the issue for further review by the Supreme Court, he argues that Booker error should be construed as structural error and that prejudice should be presumed.

of his <u>Booker</u> challenge.  <u>See</u> <u>id.</u>  Having reconsidered our decision pursuant to the Supreme Court's instructions, we REINSTATE OUR JUDGMENT affirming Gutierrez's conviction and sentence.