United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-40837
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR RUBIO,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-351-1)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court affirmed Hector Rubio's conviction for possession with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and his 135-month sentence. *United States v. Rubio*, 03-40837, 2004 WL 886339 (5th Cir. 27 April 2004). The Supreme Court granted Rubio's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our previous judgment; and remanded the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case for further consideration in the light of **United States v. Booker**, 543 U.S. ___, 125 S. Ct. 738 (2005). **Rubio v. United States**, 125 S. Ct. 1005 (2005). We requested, and received, supplemental briefs addressing the impact of **Booker**. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

For the first time in his petition for writ of certiorari, Rubio challenged the constitutionality of his sentence, based on the then-recent holding in **Blakely v. Washington**, 542 U.S. ___, 124 S. Ct. 2531 (2004), because he was sentenced based on a drug quantity neither pleaded to, nor found by, a jury. Absent extraordinary circumstances, we will not consider a defendant's **Booker**-related claims presented for the first time in a petition for writ of certiorari. **United States v. Taylor**, ___ F.3d ___, 2005 WL 1155245, at * 1 (5th Cir. 17 May 2005).

Rubio has presented no evidence of extraordinary circumstances. Furthermore, because Rubio did not raise his **Booker**-claims in district court, any review would be only for plain error. *See* **United States v. Mares**, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). As Rubio concedes, his claims would fail the third prong of plain-error review because he does not show any error affected his substantial rights; he makes no "showing that the error ...

2

affected the outcome of the district court proceedings". *Id.* at 521 (quotation omitted). (Along this line, Rubio contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; and prejudice to his substantial rights should therefore be presumed. As he recognizes, however, our court has rejected this contention as inconsistent with *Mares*. *See* *United States v. Malveaux*, 03-41618, 2005 WL 827121, at n.9 (5th Cir. 11 April 2005) (unpublished). He raises the *Booker*-issue only in order to preserve it for possible further review by the Supreme Court.) In sum, because he fails plain-error review, Rubio falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*