United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

**03-40975**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SANTIAGO SANTILLANA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-03-CR-126-1)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, Circuit Judge, and LYNN, District Judge.[*],[**]

PER CURIAM:[***]

This court affirmed Santiago Santillana's guilty plea conviction and sentence for conspiring to transport and harbor illegal aliens. *United States v. Santillana*, 03-40975, 2004 WL 1950438 (5th Cir. 3 Sept. 2004) (unpublished). The Supreme Court

---

[*]District Judge for the Northern District of Texas, sitting by designation.

[**]This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

[***]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted Santillana's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our previous judgment; and remanded the case for further consideration in the light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Santillana v. United States*, 125 S. Ct. 1089 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

For the first time in his petition for writ of certiorari, Santillana challenged the constitutionality of his sentence, based on the then-recent holding in *Blakely v. Washington*, 542 U.S. ____, 124 S. Ct. 2531 (2004). Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for writ of certiorari. *United States v. Taylor*, ___ F.3d ___, 2005 WL 1155245, at * 1 (5th Cir. 17 May 2005).

Santillana has presented no evidence of the requisite extraordinary circumstances. Even if such circumstances were not required, any review would be only for plain error because he did not raise his *Booker*-claims in district court. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Santillana's claims would fail the third prong of plain-error review because he does

2

not show any error affected his substantial rights; he makes no "showing that the error ... affected the outcome of the district court proceedings". *Id.* at 521 (quotation omitted). As Santillana concedes, the district court did not make any statement that could support an inference it would have imposed a lesser sentence if the guidelines has not been mandatory. (Along this line, Santillana contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; and prejudice to his substantial rights should therefore be presumed. As he recognizes, however, our court has rejected this contention as inconsistent with *Mares*. *See* *United States v. Malveaux*, __ F.3d __, 2005 WL 827121, at n.9 (5th Cir. 11 April 2005). He raises the *Booker*-issue only in order to preserve it for possible review by the Supreme Court.) In sum, because he fails plain-error review, Santillana falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*