**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40547
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE MONREAL-MONREAL,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1713-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jose Monreal-Monreal appeals the sentence imposed following

his guilty-plea conviction for being unlawfully present in the

United States following deportation.  For the first time on

appeal, Monreal argues that the sentence enhancing provisions

contained in 8 U.S.C. §§ 1326(b)(1) and 1326(b)(2) are

unconstitutional.  Monreal concedes that this argument is

foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

235 (1998), but asserts that the decision has been cast into

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  Also for the first time on appeal, Monreal asserts that if <u>Almendarez-Torres</u> is overruled, the district court's application of the 16-level enhancement for his being deported following a conviction for a drug trafficking offense for which a sentence greater than 13 months was imposed would be unconstitutional under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).  He seeks to preserve his arguments for further review and to avoid procedural default.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  The Supreme Court's decisions in <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), did not overrule <u>Almendarez-Torres</u>.  See <u>Booker</u>, 125 S. Ct. at 756; <u>Blakely</u>, 124 S. Ct. at 2536-43.  This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).  As Monreal concedes, these arguments are foreclosed.

For the first time in his supplemental letter brief, Monreal argues that his sentence is illegal under <u>Booker</u> because it was imposed pursuant to a mandatory application of the sentencing guidelines.  As Monreal concedes, we review this issue only for plain error because Monreal did not raise a Sixth Amendment objection below.  See <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005).  In order to establish plain error, Monreal must

demonstrate that (1) there is an error; (2) that is plain by being clear or obvious; and (3) that affects his substantial rights.  United States v. Olano, 507 U.S. 725, 731-37 (1993).  If these conditions are satisfied, we may exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. at 736-37 (internal quotation marks and citation omitted).

As the district court did not make any factual findings, other than Monreal's prior conviction, that enhanced Monreal's sentence, the district court did not commit a Sixth Amendment violation.  See Booker, 125 S. Ct. at 750, 769.  Nevertheless, the district court committed error that was plain by sentencing Monreal under a mandatory application of the sentencing guidelines.  See United States v. Valenzuela-Quevedo, __ F.3d __, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005).

At sentencing, the district court stated that it would sentence Monreal at the low end of the guidelines range but that it did not have any latitude to further reduce his sentence.  The district court sentenced Monreal to the lowest sentence within the guidelines sentencing range.  Because Monreal can point to a statement from the district court demonstrating a likelihood that he would have received a lesser sentence under an advisory application of the sentencing guidelines, he has shown that the error affected his substantial rights and has met the third prong

of the plain error test.  See <u>United States v. Pennell</u>, __ F.3d __, No. 03-50926, 2005 WL 1030123 at *5 (5th Cir. May 4, 2005).

This court has held that errors in sentencing guidelines calculations that increase a defendant's sentence seriously affect the fairness, integrity, or public reputation of judicial proceedings.  See <u>United States v. Gracia-Cantu</u>, 302 F.3d 308, 313 (5th Cir. 2002).  Because Monreal has shown the likelihood that the error in this case increased his sentence, he has shown that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  See <u>Pennell</u>, 2005 WL 1030123 at *5-*6.

The district court's imposition of Monreal's sentence pursuant to a mandatory application of the sentencing guidelines was plainly erroneous.  Accordingly, Monreal's sentence is VACATED, and this case is REMANDED to the district court for resentencing consistent with <u>Booker</u>.