United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50154
Conference Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

        v.

OSCAR LUIS MARQUEZ-GOMEZ,

                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Western District of Texas

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

    In our previous opinion in this case, we affirmed Defendant-

Appellant Marquez-Gomez's conviction and sentence. See United

States v. Marquez-Gomez, No. 04-50154, 2004 WL 1854540 (5th Cir.

_____

    [*]  This matter is being decided by a quorum.  28 U.S.C. §
46(d).

    [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

2004) (per curiam) (unpublished). Following our judgment, Marquez-Gomez filed a petition for certiorari, in which he challenged for the first time the constitutionality of the Sentencing Guidelines as applied to him.[1] The Supreme Court granted Marquez-Gomez's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Marquez-Gomez's conviction and sentence.

Because Marquez-Gomez did not raise any Booker-related challenges to his sentence until his petition for certiorari, we will not review his claim absent extraordinary circumstances. United States v. Taylor, No. 03-10167, 2005 WL 1155245, at *1 (5th Cir. May 17, 2005). Our cases make it clear that an argument not raised in appellant's original brief as required by FED. R. APP. P. 28 is waived.[2] Marquez-Gomez's claim would fail

---

[1]The trial court sentenced at the bottom of the Guideline range but made no statement indicating it would have imposed a different sentence had the guidelines been advisory. See United States v. Bringier, 405 F.3d 310 (5th Cir. 2005) (fact that district court imposed minimum possible sentence under mandatory Guidelines scheme insufficient to show plain error).

[2]See Communication Workers of America v. Ector County, 392 F.3d 733, 748 (5th Cir. 2004) (failure to brief an issue constitutes waiver on appeal); Proctor & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004)(party waived argument not included in original brief to panel). See also 16A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3974.1 at 501 (1999)(issues not raised in appellant's initial brief normally

under the plain-error test discussed in <u>United States v. Mares</u>, 402 F.3d 511, 520-22 (5th Cir. 2005), and he therefore clearly has not met the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a "possibility of injustice so grave as to warrant disregard of usual procedural rules."  <u>McGee v. Estelle</u>, 722 F.2d 1206, 1213 (5th Cir. 1984) (footnote omitted).  Accordingly, we decline to consider the merits of his <u>Booker</u> challenge.  Having reconsidered our decision pursuant to the Supreme Court's instructions, we REINSTATE OUR JUDGMENT affirming Marquez-Gomez's conviction and sentence.

---

will not be considered by the court); FED. R. APP. P. 28 (a)(9)(A) which states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."