United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

––––––––––––

No. 04-40374

––––––––––––

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LUIS MADRAZO-CONSTANTE,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 1:03-CR-870-ALL

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Juan Luis Madrazo-Constante's sentence for illegal reentry

after deportation. *United States v. Madrazo-Constante*, No. 04-40374, 111 Fed.Appx. 283 (5th Cir.

––––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Oct, 15, 2004) (unpublished). He sought ) ) and the Supreme Court granted ) ) a writ of certiorari. The Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Madrazo-Constante challenged the constitutionality of the Sentencing Guidelines as applied to him for the first time in his petition for a writ of certiorari. Absent exceptional circumstances, we will not consider an argument raised for the first time in a petition for certiorari. *United States v. Taylor*, No. 03-10167, 2005 WL 1155245, at *1 (5th Cir. May 17, 2005); *see also United States v. Hernandez-Gonzalez*, 405 F.3d 260, 261-62 (5th Cir. 2005); *United States v. Ardley*, 273 F.3d 991 (11th Cir. 2001) (en banc) (holding that even a remand by the Supreme Court for reconsideration in light of an intervening Court opinion does not require the court to consider an argument raised for the first time in a petition for certiorari). While we have not defined what constitutes "extraordinary circumstances" in cases involving *Booker* issues, we have held that an appellant who cannot satisfy the plain error standard under *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), *petition for cert. filed* (March 31, 2005) (No. 04-9517) cannot demonstrate extraordinary circumstances. *See Taylor*, 2005 WL 1155245, at *1 ("Because plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances . . . cannot be satisfied.").

Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

Madrazo-Constante concedes that there were no remarks made by the sentencing judge

indicating that he would have imposed a different sentence under an advisory Guidelines scheme. Therefore, he has not shown plain error because he has offered no evidence suggesting that "the sentencing judge⟩⟩ sentencing under an advisory scheme rather than a mandatory one⟩⟩ would have reached a significantly different result." *Mares*, 402 F.3d at 521. Accordingly, he has also failed to show extraordinary circumstances warranting consideration of an issue raised for the first time in a petition for a writ of certiorari. *See Taylor*, 2005 WL 1155245, at *1.

Having reconsidered our decision in accordance with the Supreme Court's instructions, we reinstate our judgment affirming Madrazo-Constante's conviction and sentence.

3