In the
# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

_____

m 03-40886

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO JAVIER CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before SMITH and WIENER,
    Circuit Judges.[*]

PER CURIAM:

This court affirmed Francisco Cruz's conviction and sentence. *United States v. Cruz*, 388 F.3d 150 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Cruz v. United States*, 125 S. Ct. 1969 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Cruz was convicted by a jury of importation and possession with intent to distribute 20 kilograms of cocaine. The jury was instructed that it must find beyond a reasonable doubt that "the substance was, in fact, cocaine and weighed 20 kilograms, more or less, 45 pounds, more or less." Cruz was sentenced to 210 months' imprisonment and five years' supervised release.

Cruz claims there is error under *Booker* because he "was sentenced under a Guidelines range greater than that authorized solely by the jury's verdict, based upon a net-drug-weight finding made by the district court by (Presumably) only a preponderance of the evidence." Further, Cruz asserts *Booker* error "because Mr. Cruz was sentenced under the assumption of a mandatory Guidelines system that was held unconstitutional in *Booker*."

---

[*] Judge Pickering was a member of this panel when the opinion issued on October 7, 2004, but subsequently retired. Accordingly, this matter is decided by a quorum. *See* 28 U.S.C. § 46(d).

Cruz concedes that review is only for plain error, because he made no objection in the district court based on *Booker* or on *Blakely v. Washington*, 542 U.S. 296 (2004), on which *Booker* was based. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

I.

The government claims there is no *Booker* error to satisfy the first prong, because "Cruz's guidelines calculation did not include any enhancement based on extra-verdict facts." His base offense level of 34 was identified because it is the level for drug offenses involving "at least 15KG but less than 50KG of Cocaine."

As the government points out, there was sufficient evidence from which the jury could determine, beyond a reasonable doubt, that the net weight exceeded the 15 kilograms necessary to invoke offense level 34. For example, one of the agents testified that the cocaine bricks that were recovered weighed 20.52 kilograms. As we concluded in this appeal, "it appears quite unlikely that the difference between the net weight of the cocaine alone, and the cocaine in its thin packing exceeded the 5.52 kilograms that would be required in order to make a difference in Cruz's sentence." *Cruz*, 388 F.3d at 157-58. There is no *Booker* error based on any lack of sufficient findings by a jury beyond a reasonable doubt.

## II.

Cruz fares better in the second argument presented in his supplemental brief, which is that he was unconstitutionally sentenced under a guidelines regime that was understood to be mandatory, in contravention of *Booker*. We conclude that he is due a remand.

## A.

The government claims that Cruz is barred from arguing now that sentencing under a mandatory guideline system is unconstitutional. The government cites *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005) (per curiam), in which we held that, absent extraordinary circumstances, we will not consider *Booker* arguments raised for the first time in a petition for writ of certiorari. Cruz did raise, in this court, before we issued our opinion, arguments based on *Blakely*.

Cruz has sufficiently raised the issue for us to consider it. In applying *Taylor* to assertions of *Booker* error made for the first time in certiorari petitions, we generally have applied the bar where the defendant has failed to raise *any Booker-* or *Blakely*-related issues before filing his certiorari petition.[1] Here, however, Cruz

did raise sentencing issues based on *Blakely*,

---

[1] E.g., *United States v. Ogle*, No. 03-60833, 2005 U.S. App. LEXIS 12714, at *2 (5th Cir. June 27, 2005) (per curiam) (stating that *Booker* issues were waived "[b]ecause [defendant] did not raise any *Booker*-related challenges to his sentence until his petition for certiorari" and because in his certiorari petition he "challenged for the first time the constitutionality of the Sentencing Guidelines as applied to him"); *United States v. Kennedy*, No. 03-11334, 2005 U.S. App. LEXIS 12672, at *5 (5th Cir. June 21, 2005) (per curiam) (unpublished) (declining to consider *Booker* issues because defendant "raised alleged *Booker* error for the first time in his petition for writ of certiorari");
(continued...)

[1] (...continued)
*United States v. Higginbotham*, No. 04-50018, 2005 U.S. App. LEXIS 11788, at *2-*3 (5th Cir. June 20, 2005) (per curiam) (unpublished) (refusing to consider *Booker* issues because defendant "raised no sentencing issues in his [initial] appeal to this court" and raised in his certiorari petition, "for the first time in any forum, *Booker*-related sentencing issues"); *United States v. Madrazo-Constante*, No. 04-40374, 2005 U.S. App. LEXIS 11862, at *2 (5th Cir. June 20, 2005) (per curiam) (unpublished) (declining to consider *Booker* question because defendant "challenged the constitutionality of the Sentencing Guidelines as applied to him for the first time in his petition for writ of certiorari"); *United States v. Elizarraraz*, No. 03-40728, 2005 U.S. App. LEXIS 11712, at *2 (5th Cir. June 17, 2005) (per curiam) (unpublished) (refusing to consider *Booker* issues where defendant "challenged the constitutionality of the Sentencing Guidelines as applied to him for the first time in his petition for a writ of certiorari"); *United States v. Marquez-Gomez*, No. 04-50154, 2005 U.S. App. LEXIS 11733, at *3 (5th Cir. June 17, 2005) (per curiam) (unpublished) (declining to consider *Booker* issues because defendant "did not raise any *Booker*-related challenges to his sentence until his petition for certiorari"); *United States v. Santillana*, No. 03-40975, 2005 U.S. App. LEXIS 11329, at *2 (5th Cir. June 15, 2005) (per curiam) (unpublished) (refusing to address *Booker* issues because "[f]or the first time in his petition for writ of certiorari, [defendant] challenged the constitutionality of is sentence based on the then-recent holding in *Blakely*"); *United States v. Rubio*, No. 03-40837, 2005 U.S. App. LEXIS 11167, at *2-*3 (5th Cir. June 13, 2005) (per curiam) (unpublished) (same); *United States v. Gutierrez*, No. 03-41458, 2005 U.S. App. LEXIS 10518, at *3 (5th Cir. June 7, 2005) (per curiam) (unpublished) (stating that we "will not review" claim "[b]ecause [defendant] did not raise any *Booker*-related challenges to his sentence until his petition for certiorari").

so we will consider all his assertions of *Blakely* and *Booker* error now on remand.

### B.

"Technically, this is a "*Fanfan* error, not a *Booker* error." *United States v. Martinez-Lugo*, No. 04-40478, 411 F.3d 597, ___, 2005 U.S. App. LEXIS 10432, at *5 (5th Cir. June 7, 2005) (per curiam) (referring to Ducan Fanfan, the second defendant in the consolidated opinion in *Booker*). *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005) (per curiam) (discussing the difference between *Booker* and *Fanfan* error).

The third prong of the plain-error test requires, under *Mares*, that "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Cruz would have to "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *Taylor*, 409 F.3d at 677 (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Mares*, 402 F.3d at 521. To meet this standard, the proponent of the error must demonstrate a probability "sufficient to undermine confidence in the outcome." *United States v. Dominguez Benitez*, 542 U.S. 74, __, 124 S. Ct. 2333, 2340 (2004).

Cruz has satisfied that standard. He made a motion for downward departure, to which the court responded, "To depart I would have to deviate from the impositions . . . of the Sentencing Guideline criminal history range."

After Cruz's allocution, the court stated the following: "You finally made it to the big court. And the big court is governed by the Sentencing Guidelines. Nobody in this room can do anything for you." The court then imposed the minimum sentence under the applicable guideline range.

This is similar to the situation we treated in *United States v. Monreal-Monreal*, No. 04-40547, 2005 U.S. App. LEXIS 11496 (5th Cir. June 16, 2005) (per curiam) (unpublished). There, as here, the court sentenced the defendant at the low end of the applicable range and stated that it had no latitude to reduce the sentence further. We held that "[b]ecause [defendant] can point to a statement from the district court demonstrating a likelihood that he would have received a lesser sentence under an advisory application of the sentencing guidelines, he has shown that the error affected his substantial rights and has met the third prong of the plain error test." *Id.* at *4-*5 (citing *United States v. Pennell*, 409 F.3d 240, 245-46 (5th Cir. 2005)). "Because [defendant] has shown the likelihood that the error in this case increased his sentence, he has shown that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at *5 (citing *Pennell*, 409 F.3d at 246).

Accordingly, the judgment of sentence is VACATED and REMANDED for resentencing. The judgment of conviction is AFFIRMED for the reasons expressed in our initial opinion.[2]

---

[2] We need not consider Cruz's remaining arguments, which are (1) that due process forbids the retroactive application of *Booker*'s remedial holding to him, *see United States v. Scroggins*, No. 03-30481, 411 F.3d 572, ___, 2005 U.S. LEXIS

(continued...)

[2](...continued) 10377, at *9-*11 (5th Cir. June 6, 2005); and (2) that *Booker* error is structural or presumed prejudicial, *see Martinez-Lugo*, 411 F.3d at ___, 2005 U.S. App. LEXIS 10432, at *7-*8; *United States v. Malveaux*, 411 F.3d 558, ___ n.9, 2005 U.S. App. LEXIS 5960, at *4 n.9 (5th Cir. Apr. 11, 2005). He recognizes, in any event, that these issues are foreclosed by the cases cited, and he raises them only to preserve them for possible further review.