United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40512
Conference Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANGEL SILVESTRE ARELLANO-RIOS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-50-1
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Angel Silvestre

Arellano-Rios.  United States v. Arellano-Rios, No. 04-40512

(5th Cir. Dec. 17, 2004) (unpublished).  The Supreme Court

vacated this court's decision and remanded the case for further

consideration in light of United States v. Booker, 125 S. Ct. 738

(2005).  See De La Cruz-Gonzales v. United States, 125 S. Ct.

1995 (2005).  We requested and received supplemental letter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

briefs addressing the impact of Booker.  Arellano argues that he is entitled to resentencing because the district court sentenced him under the mandatory application of the United States Sentencing Guidelines that was prohibited by Booker.

In United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005), this court rejected the argument that Arellano seeks to preserve for further review, that Fanfan error is structural and presumptively prejudicial.  Instead, Fanfan error is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Martinez-Lugo, 411 F.3d at 600-01.  Thus, because Arellano raises this issue for the first time on appeal, and because he raised an argument related to Blakely v. Washington, 542 U.S. 296 (2004), in his initial brief before this court, his argument is reviewable for plain error.  See United States v. Cruz, _ F.3d _, No. 03-40886, 2005 WL 1706518, *2 (5th Cir. July 22, 2005).

Arellano concedes that the district court did not give any indication that his sentence would have been lower if the district court had sentenced him under the post-Booker advisory regime.  Arellano has therefore failed to establish "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."  United States v. Infante, 404 F.3d 376, 395

(5th Cir. 2005). He has therefore failed to show that the error affected his substantial rights and has thus failed to establish plain error. See Martinez-Lugo, 411 F.3d at 600-01.

Because nothing in Booker requires us to change our prior affirmance in this case, we reinstate our judgment affirming Arellano's sentence.

AFFIRMED.