**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 15, 2005**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40505
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER HAROLD SARAVIA-MELENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-924-ALL

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JOLLY, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence of Walter Harold Saravia-Melendez. United States v. Walter Harold Saravia-Melendez, No. 04-40571 (5th Cir. Oct. 21, 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Gonzalez-Orozco v. United States, 125 S. Ct. 1368 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his original appeal to this court, Saravia-Melendez made a <u>Blakely</u> objection to his sentencing. Because Saravia-Melendez did not make this argument at the district court, we review for plain error. <u>See</u> <u>United States v. Cruz</u>, 418 F.3d 481, 484 (5th Cir. 2005).

Under the <u>Booker</u> holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Saravia-Melendez, however, identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Accordingly, Saravia-Melendez cannot make the necessary showing of plain error that is required by our precedent. <u>See</u> <u>United States v. Bringier</u>, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (comments that sentence was "harsh" are insufficient to demonstrate that defendant's substantial rights were affected), <u>cert. denied</u>, 126 S. Ct. 264 (2005); <u>United States v. Creech</u>, 408 F.3d 264, 272 (5th Cir. 2005) ("[M]ere sympathy ... is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime."); <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 262 (5th Cir. 2005) (sentence at the bottom of the Guideline range and potential mitigating factors do not raise a reasonable probability of a different sentence), <u>cert. denied</u>, 126 S. Ct. 202 (2005).

Furthermore, Saravia-Melendez correctly acknowledges that

2

this court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>see also</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>cert. denied</u>, 124 S. Ct. 194 (2005). He desires to preserve this argument for further review.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Saravia-Melendez's conviction and sentence.

**AFFIRMED.**