United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40589
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER REYES-QUINTANILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-26-1

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JOLLY, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and
sentence of Francisco Javier Reyes-Quintanilla. United States v.
Reyes-Quintanilla, No. 04-40589 (5th Cir. Oct. 21, 2004). The
Supreme Court vacated and remanded for further consideration in
light of United States v. Booker, 125 S. Ct. 738 (2005). See
Gonzalez-Orozco v. United States, 125 S. Ct. 1368 (2005). We
requested and received supplemental letter briefs addressing the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

impact of <u>Booker</u>.

In his original appeal to this court, Reyes-Quintanilla made a <u>Blakely</u> objection to his sentencing. Because Reyes-Quintanilla did not make this argument at the district court, we review for plain error. <u>See</u> <u>United States v. Cruz</u>, 418 F.3d 481, 484 (5th Cir. 2005).

Under the <u>Booker</u> holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Reyes-Quintanilla, however, identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Accordingly, Reyes-Quintanilla cannot make the necessary showing of plain error that is required by our precedent. <u>See</u> <u>United States v. Bringier</u>, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (comments that sentence was "harsh" are insufficient to demonstrate that defendant's substantial rights were affected), <u>cert. denied</u>, 126 S. Ct. 264 (2005); <u>United States v. Creech</u>, 408 F.3d 264, 272 (5th Cir. 2005) ("[M]ere sympathy ... is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime."); <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 262 (5th Cir. 2005) (sentence at the bottom of the Guideline range and potential mitigating factors do not raise a reasonable probability of a

2

different sentence), <u>cert. denied</u>, 126 S. Ct. 202 (2005).

Furthermore, Reyes-Quintanilla correctly acknowledges that this court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>see also</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>cert. denied</u>, 124 S. Ct. 194 (2005). He desires to preserve this argument for further review.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Reyes-Quintanilla's conviction and sentence.

**AFFIRMED.**